## In re THOMAS.

## DALLAS TRUST & SAVINGS BANK v. LEDBETTER.

Circuit Court of Appeals, Fifth Circuit.
December 5, 1929.

No. 5653.

Lawrence C. McBride and J. L. Lipscomb, both of Dallas, Tex., for appellant.

C. C. Renfro, of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Dallas Trust & Savings Bank appeals from an order denying its petition to be allowed unpaid rent that had accrued under a lease upon a building owned by Raymond Thomas, bankrupt, prior to a foreclosure sale under the bank's mortgage of the leased property.

Thomas, the owner of the building, leased it for a term of years to the government, to be used as a substation of the Dallas Post Office, at an annual rental of $3,000, payable at the end of each quarter on the 1st days of January, April, July, and October, and afterwards, but more than four months prior to bankruptcy, executed to the bank a mortgage on it which provided a lien on all rent "owing under any rent, lease or other contract, but not due at the time of foreclosure," and, in the event of default by the mortgagor in the payment of interest, conferred upon the mortgagee the power of sale at foreclosure after first posting written notice as required by law. Thomas defaulted in the payment of interest due on the mortgage January 1, 1929, and on February 18 the bank posted notice of foreclosure sale to take place on the first Tuesday in April. On February 27 Thomas was adjudged a voluntary bankrupt; and because of this the bank did not proceed further under its notice of sale, but instead, after April 1, applied to the bankruptcy court for an order authorizing the trustee in bankruptcy to collect from the government, and requiring him to pay over to it when collected, $750 as rent for the mortgaged property during the first three months of 1929.

The general rules, that a mortgage is but security for a debt, that, until it is foreclosed, the title and possession remain in the mortgagor, and that the mortgagor is not liable for rent while he remains in possession, prevail in Texas. Willis v. Moore, 59 Tex. 628, 635. Appellant concedes this, but contends that its mortgage was so worded as to entitle it to all rent which became due after the institution of foreclosure proceedings by the posting of notice, rather than after the foreclosure sale. And it is argued that the $750 it claims as rent did not become due until April 1, which was after notice of sale was given. But in our opinion the clause in the mortgage which provided a lien on rent owing but not due at the time of foreclosure of the mortgage had reference to the date of the foreclosure sale and not to the date upon which the foreclosure proceedings were begun.

The purpose of the clause in question appears to have been to prevent the mortgagor from assigning rent that would become due after the foreclosure sale. The language used does not indicate a purpose to deprive the mortgagor of rents during the time he was entitled to possession of the mortgaged property. It hardly needs to be said that the trustee in bankruptcy succeeded to the rights of the bankrupt. There had been no foreclosure sale on the 1st of April, when under any view the rent became due and payable.

The order appealed from is affirmed.